UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ETHEL JONES                                                                            PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:19-CV-165-DPJ-FKB

DOLGENCORP, LLC                                                DEFENDANT

ORDER

Plaintiff Ethel Jones sued Defendant Dolgencorp, LLC (hereinafter Dollar General) after a slip-and-fall accident. Dollar General now seeks summary judgment. The parties dispute whether an overheard conversation between Dollar General employees creates factual questions about whether the store knew the allegedly dangerous condition existed, and if so, whether it had that knowledge long enough to do something about it. Because the Court concludes that factual questions exist, the Motion for Summary Judgment [32] is denied.

I.     Background

On March 17, 2016, Ethel Jones was shopping at Dollar General in Lexington, Mississippi, when she slipped in a puddle of liquid and fell. Jones Dep. [32-1] at 2–5. After the fall, the store manager—identified as "LaToya"—approached Jones and asked if she was injured.[1] *Id.* at 8; Jones Dep. [58-2] at 5–6. Jones responded that she did not know. Jones Dep. [32-21] at 8. LaToya then "got a mop, a paper towel and wiped liquids up off the floor, and she asked [Jones] to come to the front and fill out a paper for an incident." Jones Dep. [38-2] at 6. Jones completed an incident report, writing, "I slip/fell down on something [l]iquid on the floor

---

[1] Although Jones says LaToya was the manager on duty at the time, Dollar General's employee records do not show anyone by the name of LaToya working that day. *See* Employee Time Cards [32-3].

from broken toys with [l]iquid inside." Report [32-2].  She also documented injuries to her hands, wrist, and left knee.  *Id.*

According to Jones, LaToya then went to speak with an "unknown employee," who said that she saw kids "playing with . . . toys and the liquid was there."  Jones Dep. [38-2] at 7.  Jones heard LaToya respond, "Well, why didn't you get it up?"  *Id.*; *see also id.* at 4, 10, 11 (same).  Jones did not hear the unknown employee's answer.  *Id.* at 8.

Jones filed suit in state court in February 2019, Compl. [1-1], and Dollar General removed the case to this Court, Notice of Removal [1].  Dollar General now seeks summary judgment.  Jones responded to the motion; Dollar General sought additional time to reply but then declined to file a rebuttal.  The time to do so has passed.  The Court has both personal and subject-matter jurisdiction.

II. Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324 (citation omitted).  In reviewing the evidence,

factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) ("In considering a summary judgment motion, all facts and evidence must be taken in the light most favorable to the non-movant" (citing *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006)). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.  Analysis

The crux of this case lies in the partially heard conversation between LaToya and the unknown employee. According to Jones, "after the [employee] had said that she seen the toys—the kids playing—sitting, playing with the toys and the liquid was there," LaToya asked, "'Well, why didn't you get it up?'" Jones Dep. [38-2] at 7. Jones says the exchange creates a question of fact about Dollar General's knowledge of the liquid on the floor. Pl.'s Resp. [38] at 4. Dollar General argues that the statement and response are inadmissible hearsay and, even if admissible, do not prove the store's knowledge because Jones did not hear the unknown employee's response to LaToya. Def.'s Mem. [34] at 12.

In Mississippi, "the analysis of premises liability involves three steps." *Titus v. Williams*, 844 So. 2d 459, 467 (Miss. 2003). "First, it is necessary to determine whether the injured person

3

is an invitee, licensee, or trespasser. Next, the duty owed to the injured person must be determined. The final step is the determination of whether the landowner breached that duty." *Massey v. Tingle*, 867 So. 2d 235, 239 (Miss. 2004) (citing *Titus*, 844 So. 2d at 467).

Here, the parties agree that Jones was a business invitee. "[A] business invitee [is] 'a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage.'" *Turner v. Entergy Miss., Inc.*, 139 So. 3d 115, 117 (Miss. Ct. App. 2014) (quoting *Little v. Bell*, 719 So. 2d 757, 760 (Miss. 1998)). "While a premises owner is not an insurer of the safety of invitees, the premises owner does have a duty of reasonable care, to maintain its premises in a reasonably safe condition." *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (Miss. 2008). Accordingly, Dollar General had a "duty to keep its premises in a reasonably safe condition" and a duty to "warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care." *Id.* at 1199–1200 (quoting *Gaines v. K-Mart Corp.*, 860 So. 2d 1214, 1216 (Miss. 2003)).

With those duties in mind,

> in order for a plaintiff to recover in a slip-and-fall case, he must (1) show that some negligent act of the defendant caused his injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.

*Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914, 918 (Miss. 2000). Jones pursues the second option and therefore must show that Dollar General "had actual . . . notice of the danger for a period of time reasonably sufficient to remedy or warn of it." *Jones v. Imperial Palace of Miss., LLC*, 147 So. 3d 318, 319–20 (Miss. 2014); *see also Karpinsky v. Am. Nat. Ins. Co.*, 109 So. 3d 84, 89 (Miss. 2013) ("Therefore, in order to recover, [the plaintiff] would be required to produce

4

evidence at trial that [the defendant] (1) had knowledge of the spill, . . . *and* (2) [it] had a sufficient opportunity to correct it." (emphasis in original)).

Dollar General offers four arguments in its opening summary-judgment memorandum, none of which avoid trial when the evidence is viewed in the light most favorable to Jones. For starters, Dollar General claims that the employees' statements constitute hearsay. *See* Def.'s Mem. [34] at 8. But "[a] statement is not hearsay if . . . [t]he statement is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed[.]" Fed. R. Evid. 801(d)(2)(D). Jones relied on Rule 801(d)2)(D) in her response; Dollar General declined to reply. The employee's statements are not hearsay.

Dollar General next disputes its knowledge of the allegedly dangerous condition. To make that argument, Dollar General is a little selective with its quotes from Jones's deposition, describing her testimony as saying the unknown employee merely saw some kids playing on the floor. *See* Def.'s Mem. [34] at 8. But there was more to it. Jones twice testified that the unknown employee said she saw liquid on the floor. *See* Jones Dep. [38-2] at 4 (testifying that employee said she saw "some kids sitting [on the floor] playing with something -- liquids that came from the toys that they were sitting [and] playing" with); *id*. at 7 ("[T]he lady said that she seen the toy -- the kids playing -- sitting, playing with the toys and the liquid was there[.]"). Although there may have been inconsistency in Jones's deposition testimony, the inconsistency goes to the weight of the evidence and must be decided by a jury. *Compare* Jones Dep. [38-2] at 8 *with* Jones Dep. [32-1] at 9. The unknown employee's alleged statement presents a fact question about the store's knowledge.

Dollar General also argues that the evidence is incomplete because Jones did not hear the response when LaToya asked the employee why she did not clean the liquid on the floor. As Dollar General describes it, the employee could have responded, "I didn't know anything was on the floor." Def.'s Mem. [34] at 12. But that ignores Jones's testimony that she heard the employee say she saw the liquid. *See* Jones Dep. [38-2] at 4. The Court must accept that testimony, which creates a question of fact.

Finally, Dollar General claims there is no proof it had "sufficient opportunity to correct" a dangerous condition at the store. Def.'s Mem. [32] at 11. Under Mississippi law, the property owner must know of the condition "for a period of time reasonably sufficient to remedy or warn of it." *Jones*, 147 So. 3d at 319–20. Dollar General approaches this element like the knowledge element—it denies any notice whatsoever. *See* Def.'s Mem. [32] at 11–14 (arguing that there is no proof the unidentified employee saw the liquid on the floor). But as noted above, Jones's deposition testimony creates a question of fact on that point.[2]

At this stage, the Court must view the evidence in the light most favorable to Jones. *Little*, 37 F.3d at 1075. Accordingly, the Court finds that a rational jury could find that the unknown Dollar General employee knew about the dangerous condition and had sufficient time to remedy or warn of it in some reasonable way. Thus, there are fact questions that preclude summary judgment.

---

[2] Dollar General neither acknowledges this question of fact nor suggests an alternative argument that its employees had insufficient time to remedy the problem. Even inferring such an argument, the Court would still find a jury question. For example, Dollar General's employee allegedly saw the liquid while the kids were still there, yet by the time Jones arrived, they were gone. *See* Jones Dep. [32-1] at 8–9. This suggests some passage of time during which the employee might have had an opportunity to provide a warning, clean the floor, call someone while remaining there to warn others, or take other reasonable measure.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not change the outcome. For the stated reasons, Dolgencorp's Motion for Summary Judgment [32] is denied. The parties are instructed to contact United States Magistrate F. Keith Ball's chambers to schedule a settlement conference. The conference should be scheduled for a date preceding the scheduled pretrial conference.

**SO ORDERED AND ADJUDGED** this the 6th day of May, 2020.

> s/ *Daniel P. Jordan III*
> CHIEF UNITED STATES DISTRICT JUDGE